# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| EUGENE GROVES,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, OHIO STATE<br>PENITENTIARY,<br>    Respondent. | Case No. 1:11-cv-547<br><br>Dlott, J.<br>Bowman, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ohio State Penitentiary in Youngstown, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss filed December 20, 2011, and petitioner's response in opposition to the motion. (Docs. 8, 9).

## I. PROCEDURAL HISTORY

### State Conviction And Sentence

In January 1976, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01; one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(A); one count of attempted murder in violation of Ohio Rev. Code § 2923.02; and one count of kidnapping in violation of Ohio Rev. Code § 2905.01. (Doc. 8, Ex. 1).

On April 5, 1976, petitioner entered a guilty plea to a reduced charge of murder in violation of Ohio Rev. Code § 2903.02; the attempted murder count; and the kidnapping charge as a second-degree felony offense. (Doc. 8, Ex. 2). On the same date, the trial court entered a final judgment entry sentencing petitioner to concurrent terms of imprisonment of fifteen (15) years to life for the murder offense; five (5) to twenty-five (25) years for the attempted murder

offense; and two (2) to fifteen (15) years for the kidnapping offense. (Doc. 8, Ex. 3). Respondent states that petitioner did not pursue an appeal from his conviction or sentence in the state courts. (Doc. 8, Brief, p. 2).

### State Post-Conviction Petitions

On February 23, 1978, nearly two years after the trial court entered the final sentencing entry, petitioner filed a motion to vacate sentence with the trial court. (*See* Doc. 8, Ex. 13). Apparently, the trial court ordered an evidentiary hearing and appointed counsel to represent petitioner at the hearing. (*See* Doc. 8, Ex. 5, p. 2 & Ex. 13). However, on May 25, 1978, the trial court dimissed the post-conviction proceeding at petitioner's request even though petitioner was previously "forewarned that any dismissal of the current Post Conviction Proceedings might bar a future Post Conviction Proceeding." (Doc. 8, Ex. 4).

Petitioner took no further action to challenge his conviction or sentence until March 17, 1980, when he filed a second motion to vacate sentence with the trial court. (*See* Doc. 8, Ex. 13). On April 8, 1980, the trial court issued Findings of Fact, Conclusions of Law and Entry Dimissing the Motion to Vacate Sentence. (Doc. 8, Ex. 5). The court reasoned in pertinent part:

> In light of the fact that most of the issues raised by the defendant-petitioner are similar if not exactly the same as in the prior post conviction proceeding; and in light of the fact that after the defendant-petitioner was previously granted a post conviction hearing he dismissed his post conviction procceding after being forewarned as to the consequences of said dismissal; and, in light of the fact that the defendant-movant has failed to set forth any good or valid reason why this Court should entertain a second post conviction proceeding, this Court does hereby overrule and dismiss said proceeding.

(*Id.*, p. 3).

Petitioner appealed the trial court's ruling to the Ohio Court of Appeals, First Appellate District. (*See* Doc. 8, Ex. 13). On May 20, 1981, the state appellate court affirmed the denial of

2

post-conviction relief. (*See* Doc. 8, Ex. 15). Apparently, petitioner did not pursue a further appeal to the Ohio Supreme Court. (*See* Doc. 8, Brief, p. 3).

**State Proceedings On Motions To Withdraw Guilty Pleas**

On November 17, 1997, over sixteen years after the Ohio Court of Appeals affirmed the dismissal of petitioner's successive petition for post-conviction relief, petitioner filed a motion to withdraw his guilty plea with the trial court. (*See* Doc. 8, Ex. 13). On November 18, 1997, the trial court overruled the motion without opinion. (Doc. 8, Ex. 6).

On February 6, 1998, petitioner filed a second motion to withdraw his guilty plea. (*See* Doc. 8, Ex. 13). On February 9, 1998, the trial court overruled the motion without opinion. (Doc. 8, Ex. 7).

Over a year later, on February 19, 1999, petitioner filed an appeal from the trial court's February 9, 1998 decision with the Ohio Court of Appeals, First Appellate District. (*See* Doc. 8, Exs. 13, 14). The state appellate court dismissed the appeal on March 18, 1999. (*See id.*). Petitioner filed a motion for reconsideration, which was granted. (*See* Doc. 8, Ex. 14).[1] On December 8, 1999, the court affirmed the trial court's judgment, reasoning in relevant part as follows:

> Appellant's motion to withdraw his guilty plea, in which he alleged that his plea was involuntary due to his counsel's ineffectiveness, was, in essence, a petition for postconviction relief. . . . Because appellant's motion was not filed within the required time period for filing a petition for postconviction relief under R.C. 2953.21(A), and did not meet any of the requirements for delayed relief set forth

---

[1] Upon review of the petition and petitioner's response to the motion to dismiss, it appears that petitioner has construed the appellate court's decision granting his motion for reconsideration as a ruling in his favor granting his motion to withdraw his guilty plea. (*See* Doc. 1, p. 4; Doc. 9, p. 5). However, the granting of petitioner's motion for reconsideration only meant that petitioner was permitted to pursue the previously dismissed appeal. The appellate court issued only one decision on the merits of petitioner's appeal. That ruling affirming the trial court's judgment to deny petitioner's motion to withdraw his guilty plea was entered on December 8, 1999. (*See* Doc. 8, Exs. 8, 14).

in R.C. 2953.23(A), the trial court did not err in overruling it. . . .

(Doc. 8, Ex. 8) (state case citations omitted).

Over three years later, on April 9, 2003, petitioner filed a motion entitled "Motion To Reconsider Oral Argument" with the Ohio Court of Appeals, First Appellate District, wherein he requested that the "appeals process" be reopened. (Doc. 8, Ex. 9). On August 13, 2003, the state appellate court denied the motion, which it construed as an application under Ohio R. App. P. 26(B) for roepening of the appeal. (Doc. 8, Ex. 10). The court reasoned:

> App.R. 26(B) requires an appellant to file an application to reopen his appeal within ninety days from the date on which the court of appeals has journalized its judgment, unless the applicant can show good cause for filing at a later time. This court journalized its judgment on December 8, 1999, and the appellant filed his application to reopen his appeal on April 9, 2003; therefore, the appellant filed his application well after the ninety-day period had expired.
>
> The appellant neither acknowledges nor offers an excuse for his delay in filing his application. Because the appellant has failed to show good cause for the filing delay, the court hereby denies his application to reopen his appeal. See App.R. 26(B)(1).

(*Id.*).

Over four years later, on December 20, 2007, petitioner filed another "Motion For Reconsideration" with the Ohio Court of Appeals, First Appellate District. (Doc. 8, Ex. 11). The motion was overruled without opinion on January 9, 2008. (Doc. 8, Ex. 12).

## Federal Habeas Corpus

Petitioner filed the instant habeas corpus petition in August 2011. (*See* Doc. 1). In the petition, petitioner alleges three grounds for relief:

> **Ground One:** Defect[ive] indictment, not [e]ndorsed by Grand Jury foreman. I'm illegally in prison.
>
> **Supporting Facts:** The Grand Jury foreman did not [e]ndorse my indictment; it

4

is only signed by the prosecutor and his assistant prosecutor.

**Ground Two:** The Hamilton County Common Pleas Court . . . didn't give me a competency hearing.

**Supporting Facts:** I couldn't read or write, and I told my attorneys I could not read or write. They told me it don't make no difference[,] to just do what they told me and sign some papers like they tells me to, or the judge is going to give me the chair.

**Ground Three:** The Common Pleas Court in Hamilton County also did not do a pre-sentence before sentencing me. The court records will show that they didn't do a pre-sentence investigation on me before sentencing.

(Doc. 1, pp. 6, 8, 9).

Respondent has filed a motion to dismiss the petition. (Doc. 8). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 8, pp. 4-6). Respondent also alternatively argues that Grounds One and Three of the petition are subject to dismissal with prejudice because they "do not concern matters of federal law and so are non-cognizable in the instant proceeding." (Doc. 8, pp. 6-8). Petitioner opposes respondent's motion. (Doc. 9).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 8) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The limitations provisions set forth in § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply to the case-at-hand. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, nor has he alleged facts indicating that he was prevented from filing a timely habeas petition by any state-created impediment to filing. In addition, the provision set forth in § 2244(d)(1)(D) is inapplicable because the alleged violations, which occurred during the trial proceedings, were discoverable in the exercise of due diligence before the conclusion of direct review or expiration of time for seeking such review. Therefore, the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) governs petitioner's grounds for federal habeas relief.

Under § 2244(d)(1)(A), the statute of limitations begins to run when the challenged judgment of conviction and sentence is rendered "final" by the conclusion of direct review or the expiration of time for seeking such review. Here, petitioner's conviction became final in May 1976, when the 30-day period expired for filing an appeal as of right from the trial court's April

5, 1976 final judgment entry. *See* Ohio R. App. P. 4(A). The Sixth Circuit has held that prisoners like petitioner, whose convictions were finalized prior to the AEDPA's enactment on April 24, 1996, are entitled to a one-year grace period, from April 24, 1996 to April 24, 1997, in which to file a timely federal habeas petition. *See, e.g., Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *McSwain v. Davis*, 287 F. App'x 450, 452 (6th Cir. 2008). Therefore, as respondent has argued in the motion to dismiss (*see* Doc. 8, Brief, p. 4), the statute of limitations began to run in this case on April 24, 1996, and expired one year later on April 24, 1997, absent application of statutory or equitable tolling principles.[2]

During the one-year limitations period commencing on April 24, 1996, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is

---

[2]Petitioner is unable to prevail on any argument that his later-filed unsuccessful motions to withdraw his guilty plea had any impact on the finality determination under 28 U.S.C. § 2244(d)(1)(A) or otherwise served to restart the running of the clock. *See, e.g.*, *Gibson v. Warden, Hocking Corr. Facility*, No. 1:10cv8, 2011 WL 1429099, at *7 (S.D. Ohio Feb. 23, 2011) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2011 WL 3861687 (S.D. Ohio Aug. 31, 2011) (Spiegel, J.); *Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *4 & n.2 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.); *Goodballet v. Mack,* 266 F. Supp.2d 702, 707 (N.D. Ohio 2003) (citing *Thompson v. Chandler,* 36 F. App'x 783, 785 (6th Cir. 2002)); *see also Coffey v. Warden, Warren Corr. Inst.,* No. 1:06cv717, 2007 WL 951619, at *1, *3-5 (S.D. Ohio Mar. 28, 2007) (Dlott, J.; Black,M.J.) (holding that the filing of a post-sentence motion to withdraw a guilty plea only serves to toll "the limitations period and does not reset it," and that the "fact that the Ohio courts considered [the] motion . . . on the merits does not change the . . . determination that the federal statute of limitations commenced running when petitioner's conviction became 'final'" six years earlier).

expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

Here, petitioner filed state post-conviction petitions in 1978 and 1980, but those proceedings concluded years before the AEDPA's enactment. Because the post-conviction matters were not pending in the state courts at the time the one-year grace period was in effect, they could not serve to statutorily toll the limitations period. In addition, petitioner's later-filed motions to withdraw his guilty pleas could not serve to toll the limitations period because the motions were filed with the trial court in November 1997 and February 1998, months *after* the statute of limitations had run its course. Therefore, statutory tolling under § 2244(d)(2) is unavailable to extend the limitations period in this case.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.),

*cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling. First, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner did not appeal his conviction or sentence and waited nearly two years before he first sought to challenge his conviction and sentence in the state courts by way of a petition for post-conviction relief. That matter was dismissed at petitioner's request, and petitioner waited another two years before he filed his second post-conviction petition with the trial court. After the Ohio Court of Appeals affirmed the denial of post-conviction relief in May 1981, over sixteen years elapsed before petitioner took any other action to challenge his conviction. Moreover, petitioner delayed even longer after filing motions to withdraw his guilty plea in November 1997 and February 1998 by waiting for over a year to pursue an appeal from the trial court's ruling, as well as by waiting an additional period of several years to pursue further relief in the state courts by way of motions to reopen the appeal. Finally, petitioner did not file the instant federal habeas action until over three and one-half years after the Ohio Court of Appeals issued its decision in January 2008 overruling petitioner's final request to reopen the appeal. Petitioner's lengthy delays in pursuing relief in both the state courts and this federal habeas corpus proceeding conclusively demonstrate that he has not acted with reasonable diligence in pursuing his rights.

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking relief in a more timely manner. Petitioner has stated in the petition

9

and his response to the motion to dismiss that he is "clearly at a disadvantage" because he is "mentally slow," was unable to read or write at the time of the state trial proceedings, "know[s] nothing about law" and is unable to obtain "legal representation." (Doc. 1, pp. 6-8, 10; Doc. 9, p. 1). Neither petitioner's lack of knowledge of the law nor his inability to obtain legal assistance constitute an extraordinary circumstance sufficient to excuse the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

In addition, although the mental incapacity of the petitioner can warrant the equitable tolling of the limitations period, it "is not a *per se* reason to toll a statute of limitations." *McSwain*, 287 F. App'x at 456 (and cases cited therein). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetency affected [his] ability to file a timely habeas petition." *Id.* (and cases cited therein). Petitioner has made no such showing in this case. Over the course of the years after his conviction in 1976, petitioner demonstrated that he had the ability to pursue state post-conviction relief, to seek the withdrawal of his guilty plea, and to pursue appeals from the trial court's rulings denying his requests for relief. Petitioner's conclusory assertions regarding his mental competence and his alleged inability in 1976 to read or write are insufficient to demonstrate that petitioner was prevented by an extraordinary circumstance beyond his control to file a federal habeas petition by the statute-of-limitations deadline date of April 24, 1997.

Petitioner has stated in his response to the motion to dismiss that he "only learned about [his] indictment being defective earlier this year, 2011." (Doc. 9, p. 6). However, petitioner has provided no explanation to justify the 35-year lapse in time before the alleged defect in the indictment was discovered. Therefore, the purported belated discovery of one of the errors alleged as a ground for relief in the petition does not trigger equitable tolling concerns.

Finally, petitioner contends in his response to the motion to dismiss that any time-bar should be excused to ensure he is accorded "equal justice" because the respondent has lied and submitted a falsified copy of the indictment as an exhibit in this action. (*See* Doc. 9, pp. 3-5). The copy of the indictment that has been submitted by respondent does not appear to contain a forgery as petitioner has claimed, nor is the Court persuaded that respondent's counsel committed more than a clerical error in representing in an extension motion that the petition contains sixty grounds for relief. (*See* Doc. 8, Ex. 1; *see also* Doc. 5). In any event, petitioner's argument does not support equitable tolling of the statute of limitations to allow petitioner to proceed on claims that he has not pursued diligently and was not prevented by "extraordinary circumstances" from presenting in a timely petition filed by the deadline date of April 24, 1997.

Accordingly, in sum, the undersigned concludes that the instant petition challenging petitioner's 1976 conviction and sentence is time-barred. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), and in accordance with the one-year grace period granted to petitioners whose convictions became final before the AEDPA's enactment, the statute of limitations governing petitioner's claims for relief commenced running on April, 24, 1996 and expired one year later on April 24, 1997. Neither statutory nor equitable tolling principles apply to extend the limitations period in this case. Therefore, respondent's motion to dismiss (Doc. 8)

should be **GRANTED**, and the instant habeas corpus petition (Doc. 1), filed over fourteen years after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

  *s/Stephanie K. Bowman*
  Stephanie K. Bowman
  United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484. However, it is noted that petitioner's claims, which also face dismissal based on the additional procedural hurdle of procedural default, do not appear to trigger constitutional concerns.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

EUGENE GROVES,
    Petitioner,

vs

WARDEN, OHIO STATE
PENITENTIARY,
    Respondent.

Case No. 1:11-cv-574

Dlott, J.
Bowman, M.J.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc